POLSTON, J., dissenting.
Because the Third District's decision in Ruiz v. Tenet Hialeah Healthsystem, Inc. , 224 So.3d 828 (Fla. 3d DCA 2017), does not expressly and directly conflict with the decisions alleged by the Petitioner during jurisdictional briefing, this Court does not have the constitutional authority to review this case. Accordingly, I respectfully dissent.
For example, Ruiz does not conflict with Cox v. St. Josephs Hospital , 71 So.3d 795 (Fla. 2011), or *984 Friedrich v. Fetterman & Assocs., P.A. , 137 So.3d 362 (Fla. 2013). In Cox , this Court concluded "that the district court impermissibly reweighed the evidence and substituted its own evaluation of the evidence in place of the jury." 71 So.3d at 800. At trial, conflicting evidence was presented, and the jury entered a verdict in favor of Cox, which was reversed on appeal by the Second District. Id. at 801. When quashing the Second District, this Court in Cox explained that "the jury was presented with conflicting testimony[,] ... which is a matter for the jury, not a matter for the appellate court to resolve as a matter of law." Id. Similarly, in Friedrich , this Court held that the Fourth District impermissibly reweighed conflicting expert testimony and "substituted its own evaluation of the evidence in place of that of the jury." 137 So.3d at 366. In contrast, in Ruiz the Third District explained that "[n]one of the expert witnesses testified that Dr. Lorenzo's evaluation of Espinosa fell below the standard of care such that any breach more likely than not caused Espinosa's death." 224 So.3d at 830. "In addition, the record is devoid of competent, substantial evidence upon which to conclude that the blurry EKG or the abnormal protein level results caused Espinosa's death." Id. In other words, there was no evidence in support of Ruiz's argument. Therefore, because in Ruiz (unlike in Cox and Friedrich ), there was no evidence to reweigh, there is no conflict.
Moreover, there is no conflict with Saunders v. Dickens , 151 So.3d 434 (Fla. 2014). In Saunders , this Court addressed statements made by Dr. Dickens' counsel that "because [the subsequent physician] would not have done anything differently had Dr. Dickens ordered a cervical MRI, any purported negligence by Dr. Dickens could not be the cause of Saunders's injuries." Id. at 442. This Court held that the statements were improper and that "testimony that a subsequent treating physician would not have treated the patient plaintiff differently had the defendant physician acted within the applicable standard of care is irrelevant and inadmissible and will not insulate a defendant physician from liability for his or her own negligence." Id. at 443. However, in Ruiz , the Third District did not address an argument that subsequent physicians would not have done anything differently. Therefore, because the legal issues are different, there is no conflict between Ruiz and Saunders .
There is also no conflict with Owens v. Publix Supermarkets, Inc. , 802 So.2d 315 (Fla. 2001). In Owens , this Court reviewed the entry of a directed verdict in a slip and fall case and whether the appearance of the hazardous condition, when there was no evidence as to how long the hazard had been on the floor, was enough to constitute constructive knowledge. 802 So.2d at 329. This Court held that "the condition of the banana raised a basis for establishing the store's constructive knowledge," precluding a directed verdict. Id. at 332. In Ruiz , the issue was whether there was competent, substantial evidence for a jury to find that Dr. Lorenzo's alleged negligence caused Espinosa's death. 224 So.3d at 830. Therefore, because Ruiz (unlike Owens ) did not address the issue of constructive knowledge in slip and fall cases, there is no conflict.
Additionally, there is no conflict with Gooding v. University Hospital Building, Inc. , 445 So.2d 1015 (Fla. 1984). In Gooding , this Court set forth the following "more likely than not standard:"
The plaintiff must show that the injury more likely than not resulted from the defendant's negligence in order to establish a jury question on proximate cause. In other words, the plaintiff must show that what was done or failed to be done probably would have affected the outcome.
445 So.2d at 1020. Because the plaintiff in Gooding failed to satisfy this test, this *985 Court held that the hospital's motion for a directed verdict should have been granted. Id. More specifically, this Court in Gooding concluded that "the testimony established a no better than even chance for Mr. Gooding to survive, even had there been an immediate diagnosis of the aneurysm and emergency surgery[; t]herefore, a jury could not reasonably find that but for the negligent failure to properly diagnose and treat Mr. Gooding he would not have died." Id. at 1018. Similar to Gooding , the Third District in Ruiz applied the "more likely than not standard" and concluded "[t]here is no competent, substantial evidence at trial from which a jury could reasonably conclude that Dr. Lorenzo's behavior fell below the standard of care, or that any breach of the standard of care more likely than not caused Espinosa's death." Ruiz , 224 So.3d at 830. Therefore, because both Gooding and Ruiz applied the "more likely than not standard" and reached similar results, there is no conflict between the two cases.
Accordingly, because the cases alleged by the Petitioner do not conflict with Ruiz , this Court lacks jurisdiction to review this case. I respectfully dissent.
CANADY, C.J., and LAWSON, J., concur.